IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOHNNY POLK,

        Plaintiff,

v.

        Case No. 1:14-cv-01318-JDB-egb

MATTHEW BOURLAKAS,

        Defendant.

**REPORT AND RECOMMENDATION**

On November 26, 2014, the *Pro Se* Plaintiff filed this instant complaint, alleging violations of Title VII of the Civil Rights Act of 1964. The Defendant, Matthew Bourlakas, is currently the President & CEO at Goodwill Industries of Middle Tennessee, Inc. The Plaintiff filed an Amended Complaint on December 4, 2014, and a Second Amended Complaint on December 5, 2014. On December 1, 2014, the undersigned directed the Plaintiff to file a properly completed *in forma pauperis* form. On December 30, 2014, this Court granted him *in forma pauperis* status.

This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for

determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.)

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—
  (i)    is frivolous or malicious;

  (ii)   fails to state a claim on which relief may be granted; or

  (iii)  seeks monetary relief against a defendant who is immune from such relief.
28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 681,

129 S. Ct. at 1950; *see also* Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. *See* Neitzke [v. Williams], 490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted. See id. at 328-29, 109 S. Ct. 1827." Hill, 630 F.3d at 470.

Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S.

Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also* Song v. Gipson, No. 09-5480, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011); Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler

v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

## BACKGROUND

Based on Plaintiff's Second Amended Complaint, it appears to the Court that the underlying issue is that after the District Manager of Goodwill Industries stated how to properly use a "production textile board," the Store Manager stated that the District Manager's interpretation was wrong and reversed the District Manager's orders without authorization. After following the District Manager's instructions, the Plaintiff was issued correction actions and was later terminated after filing a complaint with the EEOC[1]. The Plaintiff requests that the Defendant be directed to "make whole; prevent these procedures, practices; polices (sic) from existing."

## ANALYSIS

The complaint fails to state a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his

---

[1] While the Plaintiff references the EEOC complaint, it appears to the Court that he is actually referring to his complaint to Goodwill Industries of Middle TN, as that complaint was dated 10/29/2012 and he was fired on 11/20/2012. The EEOC complaint was not filed until 2013.

compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

While his Second Amended Complaint lists race, color, sex, and national origin as reasons for his termination[2], nothing in his Complaint nor supporting documentation addresses any of these factors.

Based upon the above the Court finds that this Complaint fails to state a claim on which relief can be granted and as such, recommends this Complaint be dismissed.

Respectfully submitted this 20th day of April, 2015.

**s/Edward G. Bryant**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[2] The Plaintiff used the Court-supplied Complaint Under Title VII of the Civil Rights Act of 1964 form, which allows the Plaintiff to check which reasons he is filing the complaint under.